UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| WUXI TIANRAN PHOTOVOLTAIC CO., LTD.; | ) ) ) | |
| Plaintiff, | ) ) | Court No. 21-00538 |
| v. | ) ) | |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Wuxi Tianran Photovoltaic Co., Ltd. ("Tianran"), by and through its counsel, alleges and states as follows:

## **JURISDICTION**

1. Plaintiff brings this action pursuant to, and in accordance with, section 516A(a)(2) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. § 1516a(a)(2)), contesting the final results issued by the U.S. Department of Commerce ("Commerce") in <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018</u>, 86 Fed. Reg. 48,393 (Aug. 30, 2021) ("<u>Final Results</u>"), as they apply to Plaintiff. This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## **STANDING**

2. Plaintiff is a foreign exporter of subject merchandise, certain crystalline silicon photovoltaic modules, whether or not assembled into modules, from the People's Republic of China, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).

**Court No. 21-00538**                                                                                            **Complaint**

Tianran actively participated in the administrative review through submission of factual information and/or written argument and thus is a party to the proceeding as defined in 19 C.F.R. §351.102(b).  As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS

3.       The subject <u>Final Results</u>, which are being challenged herein, were published in the <u>Federal Register</u> on August 30, 2021.  <u>Final Results</u>, 86 Fed. Reg. at 48,393.  On September 23, 2021 – within 30 days after the publication of the subject final results – Plaintiff filed a summons to initiate this action.  Summons, ECF No. 1, Sept. 23, 2021.  Accordingly, this action was commenced within the period specified in 19 U.S.C. §§ 1516a(a)(2).  This Complaint is being filed within 30 days after the date on which the summons was filed.  Therefore, according to the provisions of 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STANDARD OF REVIEW

4.       This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675 to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## PROCEDURAL HISTORY

5.       On December 7, 2012, Commerce published in the *Federal Register* the countervailing duty order covering crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China.  See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Countervailing Duty Order</u>, 77 Fed. Reg. 73017 (Dep't Commerce, December 7, 2012)

(hereinafter "Order"). On February 6, 2020, Commerce published a notice initiating the seventh administrative review covering the period January 1, 2018 through December 31, 2018. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 85 Fed. Reg. 6,896 (Dep't Commerce Feb. 6, 2020).

6. On September 22, 2020, Commerce selected two mandatory respondents: (1) Jiawei Solarchina Co., Ltd. ("Solarchina") and (2) Tianran. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent to, in Part; 2016, 86 Fed. Reg. 21,691 (Dep't Commerce Apr. 23, 2021) ("Preliminary Results"), and accompanying Issues and Decision Mem. at 2 ("Prelim IDM").

7. On October 1, November 18, and November 23, 2020, respectively, Plaintiff filed its initial questionnaire responses and thereafter participated fully in the review within the established deadlines.

8. On May 24, 2021, interested parties, including Plaintiff, submitted case briefs for Commerce's consideration prior to issuing the Final Results. On June 1, 2021, certain interested parties filed a rebuttal briefs.

9. On August 30, 2021, Commerce published the Final Results. Commerce calculated net countervailable subsidy rates of 19.28 percent for Tianran, 525.58 percent for Solarchina, 525.58 percent for Wuxi Taichang Electronics Co., Ltd., and a review-specific rate applicable to non-selected companies of 19.28 percent. See Final Results, 86 Fed. Reg. at 48,395.

10. In the Final Results, Commerce utilized adverse facts available ("AFA") to impute a benefit under the Export Buyer's Credit Program to respondents, including Tianran,

despite record evidence that that Tianran's customers, and Tianran by extension, did not receive support through this mechanism during the period of review ("POR").

### ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS

11. In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's final results in its countervailing duty administrative review are unsupported by substantial evidence and is otherwise not in accordance with law.

### COUNT 1

12. Plaintiff herein incorporates by reference paragraphs 1 through 11 of this complaint.

13. Commerce's decision to impute a benefit to Plaintiff under the Export Buyer's Credit Program, based on the application of AFA to the Government of China, is not based on substantial evidence and is otherwise not in accordance with law.

### DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

14. For the reasons stated above, Plaintiff respectfully requests that the Court:

(a) enter judgment in Plaintiff's favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of the countervailing duty rate for Plaintiff pursuant to any remands; and

**Court No. 21-00538**                                                                                                              **Complaint**

    (d)    provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Jonathan M. Freed
Kenneth N. Hammer

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
rgosselink@tradepacificlaw.com

*Counsel for Plaintiff Wuxi Tianran Photovoltaic Co., Ltd.*

October 20, 2021