**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

| | |
|---|---|
| WUXI TIANRAN PHOTOVOLTAIC CO., LTD.,<br><br>       Plaintiff,<br><br> and<br><br>JA SOLAR TECHNOLOGY YANGZHOU CO., LTD.<br>SHANGHAI JA SOLAR TECHNOLOGY CO., LTD.,<br>JINGAO SOLAR CO., LTD.,<br><br>       Plaintiff-Intervenors,<br><br>       v.<br><br>UNITED STATES,<br><br>       Defendant. | Court No. 21-00538 |
| SHANGHAI JA SOLAR TECHNOLOGY CO., LTD.,<br>JA SOLAR TECHNOLOGY YANGZHOU CO., LTD.<br>AND JINGAO SOLAR CO., LTD.,<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES,<br><br>       Defendant. | Court No. 21-00548 |

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

 Pursuant to United States Court of International Trade Rule 56.2(a), the parties in the above-captioned action respectfully submit this Joint Status Report and Proposed Briefing Schedule.

## JOINT STATUS REPORT

The questions set forth in USCIT R. 56.2(a) are provided below and followed by the parties' responses.

1. **Does the Court have jurisdiction over the action?**

Plaintiff and Plaintiff-Intervenors assert that the Court has exclusive jurisdiction over this action pursuant to 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 1581(c). Defendant is not aware of any basis upon which to challenge jurisdiction under 28 U.S.C. §1581(c) at this time.

2. **Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons therefore?**

Yes. Both <u>Wuxi Tianran Photovoltaic Co., Ltd. v. United States</u>, Court No. 21-00538, and <u>Shanghai JA Solar Technology Co., Ltd. et al. v. United States</u>, Court No. 21-00548, contest the Department of Commerce's final results of the seventh administrative review of the countervailing duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China in <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018</u>, 86 Fed. Reg. 48,393 (Aug. 30, 2021) ("<u>Final Results</u>").

Rule 42(a) provides that when actions involving "a common question of law or fact" are pending before the Court, the Court may order all the actions consolidated and may issue any other orders to avoid unnecessary costs or delay. The plaintiffs in both cases each challenge the same administrative proceeding, and both cases have the same administrative record. Thus, consolidating these cases will promote judicial efficiency and conserve the resources of the parties

and the Court because it will reduce the number of duplicative filings that would occur if the cases remained separate.

All parties agree that these two cases could be consolidated under the lead case <u>Wuxi Tianran Photovoltaic Co., Ltd. v. United States</u>, Court No. 21-00538.  Other than these two cases, the parties are not aware of any case with which this case should be consolidated.  The parties are not aware of any portion of the above-captioned action that should be severed.

3. **Should further proceedings in this case be deferred pending consideration of another case before the Court or any other tribunal and the reasons for such deferral?**

No.  The parties are not aware of any reason proceedings in this case should be deferred.

4. **Is there any other information of which the Court should be aware at this time?**

The parties know of no other information of which the Court should be aware at this time.

## PROPOSED BRIEFING SCHEDULE

The parties have consulted and have agreed to the following proposed briefing schedule:

(1) Plaintiffs and Plaintiff-Intervenors shall file their motions for judgment upon the agency record and initial briefs by no later than Wednesday, March 9, 2022;

(2) Defendant shall file its response brief no later than Wednesday, May 18, 2022;

(3) Plaintiffs and Plaintiff-Intervenors shall file their reply briefs no later than Friday, June 17, 2022;

(4) Plaintiffs shall file the joint appendix no later than Friday, July 1, 2022; and

(5) Any request for oral argument shall be filed no later than Friday, July 8, 2022.

A proposed Scheduling Order reflecting this schedule is attached.

Respectfully Submitted,

Dated:  December 29, 2021

/s/Jonathan M. Freed
Robert G. Gosselink
Jonathan M. Freed
Kenneth N. Hammer
Aqmar Rahman
MacKensie R. Sugama
Trade Pacific, PLLC
700 Pennsylvania Ave, SE, Suite 500
Washington, DC 20003
202-223-3760
*Attorneys for Plaintiff*

Dated:  December 29, 2021

/s/Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Jill A. Cramer
Sarah M. Wyss
Bryan P. Cenko
Wenhui (Flora) Ji
Yixin (Cleo) Li
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, DC 20015
202-688-3610
*Attorneys for Plaintiff-Intervenors*

Dated: <u>December 29, 2021</u>

OF COUNSEL:

SPENCER NEFF
U.S. Department of Commerce
Office of Chief Counsel for Trade
Enforcement & Compliance
1401 Constitution Avenue, NW
Suite A202
Washington, DC 20230
(202) 482-8184

<u>Brian M. Boynton</u>
Acting Assistant Attorney General

<u>PATRICIA M. McCARTHY</u>
Director

<u>/s/ Reginald T. Blades, Jr.</u>
REGINALD T. BLADES, JR.
Assistant Director

<u>/s/ Ann C. Motto</u>
ANN C. MOTTO
U.S. Department of Justice
Commercial Litigation Branch - Civil
Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-7968

*Attorneys for Defendant United States*