IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

———————————————————————————
|  | ) |  |
| WUXI TIANRAN PHOTOVOLTAIC CO., LTD., | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| and | ) |  |
|  | ) |  |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD., and JINGAO SOLAR CO., LTD., | ) ) ) |  |
|  | ) | Consol. Court No. 21-538 |
| Intervenor-Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
———————————————————————————

## DEFENDANT'S MOTION FOR VOLUNTARY
## <u>REMAND AND TO STAY FILING OF DEFENDANT'S RULE 56.2 BRIEF</u>

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand this action to Commerce for it to reconsider the application of facts available with an adverse inference to calculate the benefit to plaintiff, Wuxi Tianran Photovoltaic Co. (Wuxi Tianran), under the Export Buyer's Credit Program.  If the motion for remand is granted, defendant also respectfully requests that the Court stay the filing of defendant's Rule 56.2 response brief until after the Court rules on the remand redetermination because the remand, if granted, might resolve the parties' challenges to Commerce's final results.

Plaintiff, Wuxi Tianran, and intervenor-plaintiffs, JA Solar Technology Yangzhou Co., Ltd., Shanghai JA Solar Technology Co., Ltd., and JingAo Solar Co., Ltd. (collectively, JA Solar) take no position on our motion.

STATEMENT OF FACTS

I.     Preliminary and Final Results

On February 11, 2020, Commerce published the preliminary results of the administrative review.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules*, 86 Fed. Reg. 21,691 (Dep't of Commerce Apr. 23, 2021) (preliminary results) (P.R. 242), and accompanying Issues and Decision Memorandum (PDM) (P.R. 241).  Among other things, Commerce preliminarily found that the use of an adverse factual inference was warranted in determining the countervailability of the Export Buyer's Credit Program because the government of China did not provide information in its questionnaire response that would allow Commerce to fully analyze the program.  PDM at 39; *see also* Government of China Questionnaire Resp. (C.R. 22-25).  Commerce preliminarily found that the government of China did not act to the best of its ability, and therefore that mandatory respondent Wuxi Tianran was a recipient of benefits under the program.  PDM at 39.  Commerce then applied to Wuxi Tianran, as adverse facts available, the same rate for the Export Buyer's Credit Program that was calculated in the first administrative review of solar cells from China, which was the highest calculated rate for a same or similar program.  *Id.*; *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules*, 80 Fed. Reg. 1,019 (Dep't of Commerce Jan. 8, 2015), and accompanying Issues and Decision Memorandum.

Commerce published its final results on August 30, 2021.  Commerce continued to apply an adverse inference, based on a lack of information provided by the government of China, to

2

countervail the Export Buyer's Credit Program.  In so doing, Commerce found that Wuxi

Tianran's claimed non-use of the program was unverifiable.  IDM at 10; 24.  Commerce

assigned Wuxi Tianran a countervailable subsidy rate of 19.28 percent.  86 Fed. Reg. at 48,395.

Pursuant to 19 U.S.C. 1671d(c)(5), Commerce assigned Wuxi Tianran's rate of 19.28 percent to

all companies that were not selected for individual examination in the administrative review,

including JA Solar.  *Id.*; *see also* IDM at 5.

ARGUMENT

I.    <u>Standard Of Review</u>

Commerce may, without confessing error, ask the Court to remand a matter so that

Commerce may reconsider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022,

1029 (Fed. Cir. 2001).  The United States Court of Appeals for the Federal Circuit has outlined

multiple scenarios in which an agency may seek a remand, including (a) to reconsider its

decision because of intervening events outside of the agency's control; (b) in the absence of an

intervening event, the agency may request a remand, without confessing error, to reconsider its

previous position; and (c) because it believes that its original decision was incorrect on the merits

and it wishes to change the result.  *Id.* at 1028.  A voluntary remand to an agency is generally

appropriate if the agency's concern is substantial and legitimate.  *Id.* at 1029; *see also Ad Hoc*

*Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade

2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010).

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its

request with a compelling justification, (2) the need for finality does not outweigh the

justification, and (3) the scope of the request is appropriate."  *Baroque Timber Industries*

*(Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013).

3

Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand.  *Id*.

II.    The Court Should Grant The Request For A Voluntary Remand For Commerce To Reconsider Its Application Of Facts Available With An Adverse Inference With Respect To The Export Buyer's Credit Program

Wuxi Tianran and JA Solar challenge Commerce's application of facts available with an adverse inference to calculate a benefit for the provision of loans pursuant to the Export Buyer's Credit Program.  Specifically, Wuxi Tianran argues that Commerce's application of an adverse factual inference was unlawful because there was no gap in the administrative record.  ECF No. 25 (Wuxi Tianran Br.) at 10.  Wuxi Tianran also argues that Commerce's determination that Wuxi Tianran's certifications of non-use were non-verifiable was not supported by substantial evidence.  *Id.* at 14.  JA Solar concurred with and incorporated by reference both of Wuxi Tianran's arguments.  ECF No. 28 (JA Solar Br.) at 5.  We respectfully request a voluntary remand for Commerce, without confessing error, to reconsider its application of adverse facts available.

The Court should exercise its discretion to grant our request because Commerce's reasons for seeking remand are "substantial and legitimate."  First, we acknowledge that similarly-situated respondents previously challenged Commerce's application of facts available with an adverse inference for the Export Buyer's Credit Program, and in the fifth administrative review, this Court held that Commerce "may attempt to verify Mandatory Respondents' claims of non-use through the means proposed by Mandatory Respondents or any other reasonable procedure at its disposal.  Alternatively, Commerce can elect not to extend verification and simply accept Mandatory Respondents' evidence of non-use."  *Canadian Solar Inc. v. United States*, 537 F. Supp. 3d 1380, 1403 (Ct. Int'l Trade 2021).  In the final results, Commerce assigned a rate to the

4

Export Buyer's Credit Program using adverse facts available resulting in a benefit of 5.46

percent for the program and an overall 19.28 percent subsidy rate for Wuxi Tianran and for non-

selected companies in the review.  *See* IDM 24; *see also* Final Results, 86 Fed. Reg. at 48,395.

Commerce did not attempt to verify non-use in the final results.  *See id.*

      However, Commerce's practice with respect to the Export Buyer's Credit Program has

been evolving since it issued the final results in this case such that reconsideration by Commerce

on remand might have an impact in this proceeding.  Specifically, consistent with this Court's

holding in *Canadian Solar*, Commerce has recently attempted to verify non-use of the Export

Buyer's Credit Program by Chinese companies that provide verifications of non-use for all

customers.  *See Certain Mobile Access Equipment And Subassemblies Thereof From China*, 86

Fed. Reg. 57,809 (Dep't of Commerce Oct. 19, 2021), and accompanying Issues and Decision

Memorandum at Comment 5.  In *Certain Mobile Access Equipment from China*, Commerce

"recognize[d] that the U.S. Court of International Trade (CIT) has directed Commerce in

numerous decisions to consider whether any available information provided by respondents may

be sufficient to fill the gap of missing record information in considering claims of non-use for the

Export Buyer's Credit program."  *Id.*  As a result, Commerce issued supplemental questionnaires

to each mandatory respondent and its U.S. customers requesting additional information regarding

its financing activities.  *Id.*

      Commerce, as the decisionmaker, will decide on remand what actions to take, but remand

in this case is appropriate because "the record may well be enlarged" and "even if it is not, new

findings and explanations by the Commission can be expected" with respect to its evolving

practices involving the Export Buyer's Credit Program.  *See Nippon Steel Corp. v. Int'l Trade*

*Comm'n*, 345 F.3d 1379, 1380–82 (Fed. Cir. 2003) (*Nippon I*).

Further, the need for finality does not outweigh the justification for remand.  The Export Buyer's Credit Program and Commerce's application of an adverse inference have been the subject of much litigation in this Court.  A remand is appropriate so that Commerce can consider whether its evolving practices with respect to the Export Buyer's Credit Program would change the outcome in this case.  Indeed, the sole issue raised in the complaint is Commerce's application of facts available with an adverse inference to the Export Buyer's Credit Program.  A remand would be the most efficient way for Commerce to reconsider whether, in light of its evolving practice, the respondents' rates should be adjusted.

For similar reasons, the scope of our request is appropriate because Commerce's determination to rely on facts available with an adverse inference to impute a benefit under the Export Buyer's Credit Program is the only issue in this case, and, therefore, granting this motion for remand is not overly broad.

Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome.  *See, e.g.*, *NEXTEEL Co. v. United States*, No. 2021-1334, 2022 WL 728512, at *1 (Fed. Cir. Mar. 11, 2022) (vacating the trial court's opinion "to the extent that it directs Commerce to reach a certain outcome" because the court lacks authority to reverse Commerce); *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1383 (Fed. Cir. 2008) ("[T]he Court of International Trade is precluded by statute from ever outright reversing a decision by Commerce ... when reviewing countervailing duty and antidumping duty proceedings. Rather, at most it can simply remand for further consideration consistent with its decision.").

In *Certain Mobile Access Equipment from China*, Commerce preliminarily found that respondents "provided information which can be used, for purposes of facts available, in determining whether [the respondent] used this program," and, on that basis, Commerce preliminarily found that the respondent did not use the program, despite the lack of cooperation from the government of China.  *Certain Mobile Access Equipment from China* IDM at comment 5.  Although Commerce, of course, cannot guarantee a particular outcome on remand in this case, the appropriate action is to remand this case to Commerce so that Commerce has the opportunity, without confessing error, to further consider its evolving practice and its potential application to this case.

Because a voluntary remand, if granted, may obviate the need for further briefing on Wuxi Tianran's and JA Solar's motions for judgment on the agency record, we respectfully request that, should our motion be granted, the Court stay Rule 56.2 briefing pending its resolution of the remand redetermination.  Should the Court grant our request, we respectfully propose that the Court provide 60 days for Commerce to submit its remand results to the Court, and then to allow for comments on the remand results in accordance with Rule 56.2(h) of the Rules of the Court.

<u>CONCLUSION</u>

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings and stay Rule 56.2 briefing pending the Court's resolution of the remand redetermination.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

SPENCER NEFF
Staff Attorney
Office of the Chief Counsel
For Trade Enforcement & Compliance
U.S. Department of Commerce

/s/ Ann C. Motto
ANN C. MOTTO
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-353-7968
Email: ann.c.motto@usdoj.gov

Dated: March 28, 2022

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| WUXI TIANRAN PHOTOVOLTAIC CO., LTD., )<br><br>Plaintiff, )<br><br>and )<br><br>JA SOLAR TECHNOLOGY YANGZHOU CO.,<br>LTD., SHANGHAI JA SOLAR TECHNOLOGY<br>CO., LTD., and JINGAO SOLAR CO., LTD., )<br><br>Intervenor-Plaintiffs, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant. ) | Consol. Court No. 21-538 |

## <u>ORDER</u>

Upon consideration of defendant's motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 60 days of this Order; and it is further

ORDERED that briefing on plaintiff's complaint is STAYED pending Commerce's remand redetermination.


Dated: _____                              _____

New York, New York                                         Judge